UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

WILLIAM BURTON,

            Plaintiff,

  -against-

"JOHN DOE" of the Department of Citywide
Administrative Services and "JOHN DOE" of
The Transport Workers, a.k.a. Local 100,

            Defendants.
-----------------------------------------X

MEMORANDUM
AND ORDER
05-CV-1326 (CBA)

AMON, UNITED STATES DISTRICT JUDGE

Plaintiff files the instant action pro se alleging that defendants violated his constitutional rights when he was denied the effective assistance of counsel at a state administrative hearing. (Complaint ("Comp.") at 4.) The Court grants plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915, but dismisses the action for the following reasons.

**Background**

On September 29, 2000, plaintiff was terminated from his employment with the New York City Transit Authority because, when he applied for the position of transit electrical helper, he had provided employment history information which could not be verified. (Comp. at 1; Attachment, "Reply Brief" ("Att") at 2.) Plaintiff's requests for legal representation were denied by his union, Transport Workers Union, Local 100 ("Local 100"). The Union stated that "plaintiff's employment termination was not a Transit Authority issue," (comp. at 2-3), because a separate agency, the Department of Citywide Services (DCAS), had disqualified plaintiff for the position based on a "background discrepancy." (Att. at 4.) On November 27, 2000, plaintiff, proceeding pro se, challenged his termination in an Article 78 proceeding, Burton v. Department

1

of Citywide Administrative Services; New York City Transit Authority, Index Number 30821/00. (Comp. at 3; Att. at 4.) The outcome of that proceeding is unclear.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." While conducting this review, the Court is mindful of its obligation to construe the pleadings liberally, particularly when they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).

## Discussion

### A. Section 1983

Plaintiff alleges that the defendants have violated his Sixth and Fourteenth Amendment rights and that this Court has jurisdiction "pursuant to the provision set forth in the Sixth Amendment of the United States Constitution." (Comp. at ¶ 3.) Although plaintiff does not refer to 42 U.S.C. §1983, the Court construes this action as a civil rights action. In order to maintain a §1983 action, a plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted).

The Sixth Amendment clearly states that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. Amend VI. There is, however,

no right to counsel in a civil case. Martin-Trigona v. Lavien. 737 F.2d 1254, 1260 (2d Cir. 1984). Therefore, plaintiff's allegations fail to state a claim upon which relief can be granted.

Further, defendants do not act under color of state law within the meaning of 42 U.S.C. § 1983. "John Doe" of Local 100 is a not a state actor, and thus plaintiff's complaint fails to state a claim under § 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Moreover, DCAS is not a "person" acting under color of state law as defined within the civil rights statute, 42 U.S.C. § 1983. See e.g., Lovanyak v. Campbell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (agencies of the City of New York are not subject to suit and cannot be held independently liable for § 1983 claims against them).[1] Therefore, the complaint is dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B).

Finally, even if plaintiff had stated a cognizable claim under § 1983, plaintiff filed this action outside the three-year statute of limitation for 42 U.S.C. § 1983 actions. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261 (1985); Pearl v. City of Long

---

[1] The Court need not grant leave to amend the complaint to name the City of New York as the proper defendant as the present complaint fails to state a claim for municipal liability. Chapter 17 § 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency." New York City Charter, Chapter 17 § 396. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, will not raise the inference of the existence of a custom or policy. Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).

Beach, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. Civil Prac. L. & R. § 214 (5) (an action to recover damages for a personal injury must be commenced within three years). Dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds).

B. Duty of Fair Representation

Construed liberally, plaintiff's complaint appears to allege a claim that the union breached its duty to fairly represent plaintiff. The Court finds that any such claim is barred by the six-month statute of limitations. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158-59 (1983); Waterman v. Transport Workers' Union Local 100, 8 F. Supp. 2d 363, 367-70 (S.D.N.Y. 1998) aff'd 176 F.3d 150 (2d Cir. 1999). Plaintiff's duty of fair representation claim accrued when "plaintiff knew or reasonable should have know that a breach of the duty of fair representation had occurred," id. at 368, that is on or about September 29, 2000. More than four years have passed since this date and any claim against the union for breach of its duty of fair representation is therefore time-barred.

## Conclusion

Accordingly, plaintiff's complaint, filed in forma pauperis, is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). The Court has considered affording plaintiff an opportunity to amend the complaint pursuant to Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962), but declines to do so finding any amendment would be futile. O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.
Dated: Brooklyn, New York
May 16, 2005

Signed /

_____
Carol B. Amon
United States District Judge